# Sims *v.*The State.

## *Adultery.*

(Decided June 13, 1911.  55 South. 1027.)

1. *Adultery; Evidence; Res Gestae.*—Where the evidence tended to show adultery between defendant and a married man, at a house where defendant, the man and his wife lived, it was competent for the state to introduce evidence tending to show that the defendant and the man co-operated in driving the wife away from the house, and that the defendant used abusive language to the wife.

2. *Same.*—Where it appeared that the mother of the man with whom defendant was accused of living in adultery rented the house in which the parties lived, and this was not controverted by the state, the question as to who paid the rent was irrelevant to any issue presented.

3. *Appeal and Error; Review; Presumptions.*—Where the record fails to disclose what the evidence was which was sought to be rebutted, it will not be presumed on appeal that the evidence offered by the state was not admissible in rebuttal.

4. *Witnesses; Examination; Cross.*—Where the wife of the man with whom defendant was alleged to have lived in adultery testified that she and defendant came from a certain place about a month before the defendant came, it was immaterial whether the

[Sims v. The State.]

woman's husband and children were with her when she came, and the court properly refused to permit cross-examination as to that matter.

5. *Same; Impeachment.*—Where a witness, on direct examination, testified to a conversation, it was competent for the state to ask her on cross examination, if she had made certain statements in that conversation, and upon a denial that she had, could show in rebuttal that the statement had been made by the witness.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Annie Sims was convicted of living in adultery and she appeals. Affirmed.

WALLACE & HENDERSON, for appellant. No brief came to the Reporter.

ROBERT C. BRICKELL, Attorney General, for the State.

WALKER, P. J.—Proof having been offered tending to show acts of illicit intercourse between the defendant and Rufe Carson, committed in the house in which the defendant, and also Rufe Carson and his wife and his mother, Tempie Carson, lived, it was admissible to prove that the defendant and Rufe Carson co-operated in driving the latter's wife from the house. This evidence tended to illustrate the relation existing between the defendant and Rufe Carson, and there was no error in its admission.—*Hill v. State,* 137 Ala. 66, 34 South. 406. And in that connection it was not improper to admit proof of abusive language used by the defendant towards the wife of Rufe Carson at that place.

Winnie Carson, the wife of Rufe Carson, on her direct examination as a witness for the state, testified that she came from Mountain Creek to Columbiana about a month before the defendant came to that place. On cross-examination, defendant's counsel asked the witness if her husband and children were with her and came with her from Mountain Creek. The court sus-

[Sims v. The State.]

tained an objection made by the solicitor to this question. There was no error in that ruling. The record does not show that the fact inquired about had any bearing upon any issue in the case.

The bill of exceptions purports to set out only in part the testimony of Tempie Carson, a witness examined in behalf of the defendant. For anything shown by the bill of exceptions, the defendant's counsel may have elicited on his examination of this witness a part of a conversation between her and Hattie Swift, which occurred about the time she was expecting the defendant to come to her house. If so, it was permissible for the solicitor, on a cross-examination of that witness, to ask her if she had made a certain statement in that conversation, and, upon her denying that such statement was made, to offer proof in rebuttal that such statement formed a part of the conversation to which she had testified. Proof in rebuttal was permissible in reference to a matter which may have been brought into the case by the defendant herself. It is not for this court to presume that the evidence so called for by the prosecution was not admissible in rebuttal, when the record does not disclose what the evidence was which was subject to rebuttal.

Tempie Carson testified that she rented the house in which the four persons mentioned lived. The record does not indicate that the prosecution controverted the fact so deposed to. This being so, it is not perceived that the inquiry as to who paid the rent was relevant to any issue in the case, or that the court was in error in sustaining the objection interposed by the solicitor to the introduction of proof on that subject.

Affirmed.